JACOB KONIGSBERG, Appellant, *v.* GEORGE DAVIS, Respondent.

(Supreme Court, Appellate Term, February, 1908.)

Master and servant — Master's liability for injuries to servant — Actions — Weight and sufficiency in general — Negligence on part of master.

Plaintiff while in defendant's employ was injured by a falling chain, a part of an elevator which was part of the place, machinery and tools used by defendant in his business. Why the chain fell from its fastening was not shown, but it did appear that it had broken about four months before the accident to plaintiff and had been mended. No one used the elevator or had anything to do with keeping it in repair except defendant, and it was conceded that plaintiff was free from contributory negligence. Held, that plaintiff had established a *prima facie* case which defendant was called upon to explain and that the relation of master and servant did not relieve defendant from liability.

APPEAL by the plaintiff from a judgment dismissing the complaint at the close of plaintiff's case rendered in the Municipal Court of the city of New York, ninth distri~t, borough of Manhattan.

Jere Liebermann (William Liebermann, of counsel), for appellant.

Nadal, Carrere & Jones (Edward P. Mowton, of counsel), for respondent.

*Per Curiam.*   Plaintiff, while in the employ of defendant, at the latter's place of business, received personal injuries by being struck by a chain which fell from its fastening. This chain was part of the equipment of an elevator, leased by and under the exclusive control and management of defendant, and being part of the place, machinery and tools used by the defendant and his employees in defendant's business. The case was tried before the court and a jury and the complaint was dismissed upon plaintiff's evidence alone, so that this evidence is entitled not only to belief but to all favorable inferences that can reasonably be drawn therefrom. It appears that the chain had broken once before, about four months before the accident, and had been mended by an employee of defendant. The plaintiff is concededly free from all contributory negligence. Why the chain fell from its fastening is not shown. The elevator was run by an electric battery belonging to defendant. No one used the elevator, or had anything to do with keeping it in repair, except defendant. Under ordinary circumstances the chain should not have broken away from its fastening, and it seems to us that plaintiff made out a *prima facie* case, which called upon defendant for some explanation. The character of the occurrence and the attendant circumstances, established by the testimony, in the absence of explanation, were sufficient to warrant the jury in finding the defendant guilty of negligence. Griffen v. Manice, 166 N. Y. 188. The fact that the relation of master and servant existed between the parties does not relieve the defendant from liability.

We think, under the evidence, that the learned court be-low fell into error in dismissing the complaint, and should have submitted the question of defendant's negligence to the jury.

Present:  GILDERSLEEVE, SEABURY and GERARD, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.